IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROL MASKE, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:10cv457-MEF |
| | ) | (WO) |
| THE CONE COMPANY, INC., *et al.*, | ) | |
| | ) | |
|    Defendants. | ) | |
| CATHY McGALLIARD, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:10cv458-MEF |
| | ) | (WO) |
| THE CONE COMPANY, INC., *et al.*, | ) | |
| | ) | |
|    Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

The plaintiffs, Carol Maske and Cathy McGalliard, former employees of The Cone Company, Inc., The Cone Insurance Company, Inc., and Cone Company, LLC, bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Age Discrimination in Employment Act of 1990, 29 U.S.C. § 621 ("ADEA").  (Doc. Nos. 19 & 23.)  In addition, the plaintiffs assert state law claims of intentional infliction of emotional distress, invasion of privacy, and negligent hiring, supervision, training and retention.  (*Id*.)

On February 3, 2011, the defendants filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), asserting that this case should be dismissed because the plaintiffs' complaints fail to state a claim upon which relief may be granted. (Doc. Nos. 26 & 27.) Specifically, the defendants argue that the plaintiffs have failed to state a Title VII or ADEA claim because they did not provide any supporting evidentiary basis for their allegation that the named defendants are a single entity or joint employer.  In addition, the defendants assert that the plaintiffs filed to identify the specific corporate entity against whom they seek to impose liability.  The defendants argue that the plaintiffs have failed to allege sufficient facts establishing the identity of their employer or that the employer has the requisite number of employees under either Title VII or the ADEA, as well as facts establishing a prima facie case of age and gender discrimination. The defendants also contend that the plaintiffs have failed to allege sufficient facts to support their state law claims of intentional infliction of emotional distress, invasion of privacy, and negligence. On February 18, 2011, the plaintiffs filed responses to the defendants' motions.  (Doc. Nos. 31 & 32.)

The court has federal question jurisdiction of this case pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  The court has reviewed the plaintiffs' amended complaints, the defendants' motions, and the plaintiffs' responses and concludes that the motions to dismiss with respect to the plaintiffs' Title VII, ADEA, and negligence claims are due to be denied and the claims of intentional infliction of emotional distress and invasion of privacy are due to be granted

pursuant to Fed.R.Civ.P. 12(b)(6).[1]

## II. THE STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Prior to the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Now, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* While a complaint need not contain detailed factual allegations to survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a] pleading that offers labels

---

[1] In their motions and briefs, the defendants assert that the case should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) because this court is without subject matter jurisdiction over the plaintiffs' Title VII and ADEA claims; this court, however, has federal question jurisdiction over these claims pursuant to the jurisdictional grant set forth in Title VII and the ADEA. Consequently, FED.R.CIV.P. 12(b)(1) is inapplicable.

and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks and citations omitted). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

### III.  DISCUSSION

#### A.  The Individual Defendants

The defendants argue that the plaintiffs do not allege any facts sufficient to put them on notice as to which claims they have raised against each defendant. The court concludes, however, that at this stage of the proceedings, the plaintiffs have pleaded sufficient facts which put the defendants on notice of the specific claims against them. For example, in paragraphs two through nine of their Amended Complaints, the plaintiffs allege that The Cone Company, Inc., The Cone Insurance Company, Inc., and Cone Company, LLC are a single entity or joint employer for Title VII and ADEA purposes, that these defendants are highly integrated and that one or more of the defendants retains sufficient control over the terms and conditions of employment of the other company's employees, that one or more of the defendants delegates control of some traditional rights over employees to one of the other

defendants, thereby acting as an agent aggregating the two or three entities as one, that all the claims in their complaints are against all the named defendants, and that each plaintiff was employed by all of the named defendants. (Doc. No. 19, *Maske's Am. Compl.*, pp. 2-6, ¶¶ 5-9; Doc. No. 23, *McGalliard's Am. Compl.*, pp. 2-3, ¶¶ 5-9.) The plaintiffs reallege and incorporate paragraphs two through fifteen in their statement of facts, as well as under each count in their complaints. In their statements of facts, the plaintiffs also allege that Sonny Cone is the owner of all three defendant businesses. (Doc. No. 19, p. 4, ¶ 19; Doc. No. 23, p. 4, ¶ 18.) The plaintiffs' statements of facts are also reincorporated under each count of their Amended Complaints. This court therefore concludes that the defendants' motions to dismiss for failure to state a claim upon which relief may be granted on the basis of a lack of notice of the federal and state law claims against them are due to be DENIED.

The defendants also argue that the plaintiffs have failed to allege sufficient facts establishing that their employer has the requisite number of employees to be held liable under Title VII or the ADEA. Under Title VII, "employees can bring Title VII claims only against employers that have fifteen or more employees." *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1244 (2010) (citing 42 U.S.C. § 2000e(b)). The ADEA limits the definition of employer to persons having twenty or more employees. *See Johnson v. Mayor & City Council of Baltimore*, 472 U.S. 353, 356 (1985); *Morrison v. Amway Corp.*, 323 F.3d 920, 926 n.7 (11th Cir. 2003); *Faulkner v. Woods Transp., Inc.*, 174 Fed. Appx. 525, 527 n.2 (11th Cir. 2006) (citing 29 U.S.C. § 630(a)). In their Amended Complaints, the plaintiffs

allege the following:

>    (3)   Defendants, The Cone Company, Inc.; The Cone Insurance Company, Inc.; and Cone Company, LLC are Alabama corporations doing business in Montgomery, Alabama. At all times relevant to this action, Defendants have maintained and operated a business in Alabama. Defendants are engaged in an industry affecting commerce and have fifteen or more employees and are employers within the meaning of 42 U.S.C. § 2000e(b), (g) and (h).
>
>    (4)   Defendants are subject to the ADEA, in that they are engaged in an industry affecting commerce and have had 20 or more employees for each working day in each 20 or more calendar weeks in the current and preceding calendar years.

(Doc. No. 19, p. 2, ¶¶ 3-4; Doc. No. 23, p. 2, ¶¶ 3-4.) Thus, the plaintiffs allege that each defendant employs at least twenty or more employees. This court therefore concludes that the defendants' motions to dismiss on the basis that the plaintiffs have failed to adequately allege facts sufficient to establish that their employer has the requisite number of employees are due to be DENIED.

## B. The Federal Claims

The defendants contend that the plaintiffs have failed to state a claim upon which relief may be granted because they have not alleged facts which sufficiently establish a prima facie case of age discrimination under the ADEA or gender discrimination under Title VII. Specifically, the defendants argue that the plaintiffs have not shown that they were qualified for another position at the time the defendants reduced their workforce by laying off both Maske and McGalliard due to economic reasons. The defendants, citing *Pucket v. McPhillips*

6

*Shimbaum*, No. 2:06cv1148-ID, 2010 WL 1729104 *1 (M.D. Ala. Mar. 30, 2010), argue that a plaintiff must establish a prima facie case of discrimination in a reduction-in-force case by demonstrating that she is the member of a protected group, that she was subjected to an adverse employment action, that she was qualified for another position at the time of termination, and that the employer intended to discriminate in failing to consider the plaintiff for another position.

The defendants' argument is premature at this stage of the proceedings. First, the court in *Pucket* determined at the summary judgment stage that the plaintiff had failed to demonstrate a prima facie case of age discrimination. "[T]he *McDonnell Douglass* framework is modified when a reduction in force *is a defendant's response to claims of a discriminatory determination*." *Id.*, 2010 WL 1729104 at *7 (emphasis added). Consequently, at this juncture, the plaintiffs do not have the burden of demonstrating a prima facie case under a reduction-in-force framework.[2] Moreover, "[a] discriminating employer ... can never avoid civil liability simply by classifying an employee's firing as a job elimination rather than as a termination of employment." *Schuster v. Henry Cnty., Ga.*, No. Civ. A. 105cv239TWT, 2005 WL 3359704 *1 (N.D. Ga. Dec. 8, 2005) (citing *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045-46 (11th Cir. 1989) (holding that, where

---

[2] The court notes that, although the defendants state in their memorandum in support of their motions to dismiss that "the Plaintiff alleges that she [and] another employee were let go because of a lack of work," nothing in the plaintiffs' Amended Complaints includes an admission that the plaintiffs were terminated due to a lack of work or a reduction in the workforce. (Doc. No. 28, p. 6; Doc. No. 29, p. 6.)

7

an employer undergoes a reduction in force, an employee may establish a prima facie case of age discrimination by showing that he was in a protected group and was adversely affected by that employment decision)).  In this case, the plaintiffs allege that they are women over forty years of age who were discharged from their positions by the named defendants.  Thus, the plaintiffs' allegations as pled state a claim for relief that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1950.  This court therefore concludes that the defendants' motions to dismiss on this basis are due to be DENIED.

Likewise, to the extent the defendants contend that the plaintiffs' Amended Complaints are devoid of any factual allegations to support their references to discrimination in their pay, benefits or other terms and conditions of employment, their contention is unavailing.  In addition to the aforementioned facts, the court concludes that the following allegations as set forth by the plaintiffs state a claim for relief under Title VII and/or the ADEA in this case:

- During the plaintiffs' employment, male employees, including the owner, Sonny Cone, would talk about sexual acts in front of the plaintiffs.

- In the presence of the plaintiffs, Cone would make derogatory comments about women, including statements which identified women in the workplace who were "built for sex."

- The plaintiffs witnessed Cone and other male employees openly watching pornography on their computers.

- Cone displayed photos of naked women and female employees on his office computer.

- Plaintiffs observed Cone grab and put his face between the breasts of female employees and rub their buttocks.

- Tray, an employee, exposed his penis to female employees. When the incident was reported to Cone, he laughed.

- Plaintiffs have witnessed Cone and other male employees telling offensive jokes about women in the workplace.

- Male employees were paid more than female employees for performing the same or similar duties.

- Several younger female employees were promoted and placed into the plaintiffs' former jobs. These employees engaged in inappropriate conduct with Cone, such as allowing him to put his face between their breasts and touch them in a sexual manner.

- Cone witnessed other male employees engaging in inappropriate sexual conduct in the workplace and took no action to stop the offensive conduct.

At this stage of the proceedings, the court concludes that the plaintiffs have sufficiently alleged sexual harassment and age discrimination claims in this case. Consequently, the defendants' motions to dismiss the federal claims pursuant to Federal Rule of Civil Procedure 12(b)(6) are due to be DENIED.

### C. The State Law Claims

**(1)     Intentional Infliction of Emotional Distress**

The defendants argue that the plaintiffs have failed to set forth facts demonstrating the elements of intentional infliction of emotional distress, otherwise known as the tort of

outrage.[3]  Specifically, the defendants assert that the employees' behavior is insufficiently extreme to support a claim of outrage.

Under Alabama law, the tort of outrage is extremely limited. *See, e.g., Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000).  In Alabama, to prevail on a claim of outrage, a plaintiff must prove that the defendant's conduct: "(1) was intentional and reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1043 (Ala. 1993).  Conduct is only actionable, however, if it is "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Am. Road Serv. Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1981).  The tort of outrage "does not recognize recovery for 'mere insults, indignities, threats, annoyances, petty oppression, or other trivialities.'" *Buzbee v. Ala. Waste Servs., Inc.*, 709 So. 2d 61, 67 (Ala. 1998) (quoting *Inmon*, 394 So. 2d at 364-65). As a result, outrage "is a very limited cause of action that is available only in the most egregious of circumstances." *Thomas*, 624 So. 2d at 1044.  Indeed, it is so limited that the Alabama Supreme Court has recognized it in regard to only three kinds of conduct: (1) wrongful conduct in the family-burial context; (2) barbaric methods employed to coerce an

---

[3] The defendants also argue that the plaintiffs have failed to plead any facts which support a claim of conspiracy or retaliation.  In their Responses, the plaintiffs concede that any reference to retaliation or racial harassment is a typographical error and that they do not assert a claim or retaliation or racial discrimination against the defendants. (Doc. No. 31, p. 14, n.2; Doc. No. 32, p. 14, n.2.)

insurance settlement; and (3) egregious sexual harassment. *Potts*, 771 So. 2d at 465.

The facts of this case have none of the telltale signs of the type of egregious sexual conduct that Alabama courts have thus far recognized as sufficiently extreme and outrageous to survive summary judgment. Neither Maske nor McGilliard has alleged that Cone, Tray, or any other specific employee subjected her to violent or disturbing sexual acts, unwanted touching or groping, or indecent or lewd directed toward her specifically. *See Thornton v. Flavor House Prods., Inc.*, No. 1:07-cv-712, 2008 WL 5328492 *1 (M.D. Ala. Dec. 19, 2008) (Waktins, J.) (describing the facts of the principal cases in which the Alabama Supreme Court has found sexual harassment to be so egregious as to qualify for the tort of outrage). A review of all of the facts as alleged in the Amended Complaints in this case compels the conclusion that both Maske and McGalliard have failed to plead factual content that allows the Court to draw a reasonable inference that the defendants are liable for the intentional infliction of emotional distress claims. Accordingly, the defendants' motions to dismiss the plaintiffs' intentional infliction of emotional distress claims are due to be GRANTED.

**(2)     Invasion of Privacy**

The defendants assert that the plaintiffs have failed to allege sufficient facts establishing an invasion of privacy claim. Under Alabama law, there are four wrongs that can constitute an invasion of privacy: "(1) the intrusion upon the plaintiff's physical solitude or seclusion; (2) publicity which violates ordinary decencies; (3) putting the plaintiff in a
11

false, but not necessarily defamatory, position in the public eye; and (4) the appropriation of some element of the plaintiff's personality for commercial use." *Phillips v. Smalley Maint. Servs., Inc.*, 435 So. 2d 705, 708 (Ala. 1983). McGalliard and Maske assert that the defendants intruded upon their physical solitude or seclusion.

To succeed on a claim of intrusion upon seclusion "relating to sexual harassment, a plaintiff must show: (1) that the matters intruded into are of a private nature; and (2) that the intrusion would be so offensive or objectionable that a reasonable person subjected to it would experience outrage, mental suffering, shame, or humiliation." *Wilborn v. Southern Union State Comty. Coll.*, 720 F. Supp. 2d 1274 (M.D. Ala. 2010) (quoting *Ex parte Atmore*, 719 So. 2d 1190, 1194 (Ala. 1998)). Thus, a plaintiff must allege "something in the nature of prying or intrusion" by a defendant. *Wilborn, supra* (citing *Stevenson v. Precision Standard, Inc.*, 762 So. 2d 820, 826 (Ala. 1999)). "There must be some distinction between sexual harassment and wrongful intrusion, and that distinction lies in whether the harassment is offensive in a way that *intrudes or pries,* such as by commenting on the plaintiff's *person,* on *her* sexual life, or otherwise *entering into* her physical or emotional space." *Thornton*, 2008 WL 5328492 at *16 -17.

As previously discussed, it is clear that the plaintiffs have alleged sufficient facts demonstrating sexual harassment in the workplace. Nonetheless, the plaintiffs' facts as alleged do not demonstrate that the harassment was "intrusive" upon Maske's or McGalliard's "physical or emotional space." *Thornton, supra*. Although the allegation that

12

another employee exposed himself to the plaintiffs is somewhat troubling, the specific facts as pled do not demonstrate an intrusion upon Maske's or McGalliard's privacy. For example, in their Amended Complaints, each plaintiff alleges that she saw "a male employee named Tray walk up to the front door of the building where Plaintiff was employed with his penis out of his pants and exposed, showing his penis to the female employees in the office through the glass door." (Doc. No. 19, p. 5, ¶ 28; Doc. No. 23, p. 5, ¶ 27.) Thus, the alleged facts indicate that, at the time the incident occurred, the plaintiffs were (1) in the presence of other employees; (2) separated from the offending employee by an exterior door; and (3) not within physical proximity of him. This court therefore concludes that the plaintiffs have failed to state a claim of invasion of privacy upon which relief may be granted. Consequently, the defendants' motions to dismiss with respect to the invasion-of-privacy claims are due to be GRANTED.

### (3)   Negligent Hiring, Supervision, and Training

The defendants argue that the plaintiffs have failed to state a claim of negligent hiring, supervision, and training because they failed to identify any employees who were allegedly incompetent. Under Alabama law, an employer is liable for the intentional torts of its employees only if "(1) the employee's acts are committed in furtherance of the business of the employer;  (2) the employee's acts are within the line and scope of his employment; or (3) the employer participated in, authorized, or ratified the tortious acts." *Armstrong v. Standard Furniture*, 197 Fed. Appx. 830, 834-35 (11th Cir. 2006) (quoting *Ex Parte Atmore*

*Cmty. Hosp. v. Hayes*, 719 So. 2d 1190, 1194 (Ala. 1998)). The plaintiffs assert that the defendants ratified Cone's and Tray's conduct. "An employer ratifies conduct when the employer '(1) had actual knowledge of the tortious conduct of the offending employee and the tortious conduct was directed at and visited upon the complaining employee; (2) that based upon his knowledge, the employer knew or should have known that such conduct constitute sexual harassment and/or a continuing tort; and (3) that the employer failed to take "adequate" steps to remedy the situation.'" *Armstrong*, 197 Fed. Appx. at 843-35 (quoting *Potts v. BE & K Constr. Co.,* 604 So. 2d 398, 400 (Ala. 1992)).

In their Amended Complaints, the plaintiffs allege that Sonny Cone, the owner of the business, laughed upon learning that Tray exposed himself to female employees in the workplace. In addition, both McGalliard and Maske allege that Cone and other employees, including Matt Cone, watched pornography while in their presence. This court therefore concludes that the plaintiffs' facts as alleged are plausible on their face. Consequently, the defendants' motions to dismiss the plaintiffs' negligence claims are due to be DENIED.

## IV. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Defendants' Motions to Dismiss (Doc. Nos. 26 & 27) are GRANTED in part and DENIED in part as set forth more specifically below:

1. To the extent the defendants' move to dismiss this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the

     motions to dismiss be and are hereby DENIED.

2.    The defendants' motions to dismiss the state law claims of intentional infliction of emotional distress and invasion of privacy pursuant to Federal Rule of Civil Procedure 12(b)(6) be and are hereby GRANTED and these claims be DISMISSED.

3.    The defendants' motions to dismiss the Title VII, ADEA, and negligent hiring, supervision, training, and retention claims Federal Rule Civil Procedure 12(b)(6) be and are hereby DENIED.

DONE this the 30th day of September, 2011.

                                          /s/ Mark E. Fuller
                                  UNITED STATES DISTRICT JUDGE